

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/26/2013

| | | |
|---|---|---|
| IN RE: | § | |
| YISHLAM, INC. | § | CASE NO: 13-32786 |
| Debtor(s) | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION

Great Central Mortgage Acceptance Company, Ltd. ("Great Central") seeks an order designating Yishlam, Inc. ("Yishlam") a "single asset real estate" ("SARE") debtor pursuant to 11 U.S.C. § 101(51B). Because Great Central has failed to meet its burden of proof that the properties satisfy the definition of a SARE, the motion is denied.

### Background

Yishlam filed a chapter 11 petition (the "Petition") on May 6, 2013. On May 31, 2013, Great Central filed its motion for entry of an order determining that the debtor is subject to the single asset real estate provisions of the Bankruptcy Code. (ECF No. 27). Yishlam filed its response on June 18, 2013. (ECF No. 45). The Court held a hearing on Great Central's motion on June 19, 2013.

Yishlam is a Texas corporation, formed in September of 2006 with the express purpose of purchasing, improving, and developing real estate in the Houston and Galveston area. (ECF No. 23 at 2). Yishlam initially owned 57 units in two separate apartment buildings in Galveston, commonly known as the Excelsior and the Colonial.[1] (ECF No. 23 at 2). From 2007 to 2012, Yishlam improved the units in these buildings and offered them for sale as condominium conversions. (ECF No. 23 at 2).

---

[1] The name of the Colonial was subsequently changed to Stewart Beach Residences. Both names have been used interchangeably throughout hearings. For clarity purposes, this Opinion will refer to the property as the Colonial.

Yishlam was able to sell some of its units, but the majority of Yishlam's assets remain unsold due to the overall real estate market. (ECF No. 23 at 2). As of the Petition Date, Yishlam owned 15 units in the Colonial, and 5 units in the Excelsior. (ECF No. 27 at 3). The two properties are located within 500 feet of each other. (ECF No. 27 at 3).

*Facts in Support of Yishlam Being Classified a SARE Debtor*

The units owned by Yishlam are currently tenant occupied and are Yishlam's only source of income. (ECF No. 27 at 3-4). Yishlam's only personal property includes its attorney's retainer, the deposits relating to Great Central's financing of the condominium project, and miscellaneous personal property that is rented out with the units. (ECF No. 27 at 4).

Yishlam has one bank account, out of which all of its operations for both buildings are operated. (ECF No. 27 at 4). All of the units are pledged as collateral for Great Central's loan. (ECF No. 27 at 4). Yishlam has no employees. (ECF No. 27 at 5). The only debts listed in Yishlam's schedules are utilities, maintenance, and advertising for the operation of all the units. (ECF No. 27 at 4). Yishlam's Schedules do not attribute the debt to specific units. (ECF No. 27 at 4). There is only one contract to provide internet, garbage pickup, and electricity to all units. (ECF No. 27 at 4). Additionally, there is only one real estate management contract for the management of all the units. (ECF No. 27 at 4).

*Facts in Support of Yishlam Not Being Classified a SARE Debtor*

Although the Colonial and the Excelsior are located near each other, the two buildings were purchased at separate times, were converted into condominiums at different times, attract different clientele, and are operated differently. (ECF No. 45 at 2). The units in the Excelsior are part of an independent condominium association, while the units in the Colonial are not. (ECF No. 45 at 2). The condominium association controls the common areas of the Excelsior,

while Yishlam continues to manage its individual units at the Colonial. (ECF No. 45 at 2). This means that common area expenses are paid by the condominium association, with Yishlam paying its assessments to the association. At the Colonial, Yishlam manages both the common areas and its units. (ECF No. 45 at 2). Additionally, the units at the Excelsior rent for a higher amount and are considered a higher quality than the units at the Colonial. (ECF No. 45 at 2).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Analysis

In order for a debtor to be considered a single asset real estate debtor, the following three requirements must be met: (1) the debtor must have real property constituting a single property or project (other than residential real property with fewer than 4 residential units); (2) which generates substantially all of the gross income of the debtor; and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto. 11 U.S.C. § 101(51B) (2013); *In re Scotia Pacific Co.*, LLC, 508 F.3d 214, 220 (5th Cir. 2007). If a debtor fails to meet any prong, it is not a single asset real estate. *In re Scotia Pacific, at 220*. The burden of proving that the properties are subject to the SARE provisions of the Bankruptcy Code is on the moving party, Great Central, by a preponderance of the evidence. See *In re TTM MB Park,* No. 12-00174, *LLC*, 2012 WL 844499, at *1 (Bankr. S.D. Ala. March 12, 2012); *see also In re Hassan Imports Partnership*, 466 B.R. 492, 507 (Bankr. C.D. Cal. 2012). A fact is proven by a preponderance of the evidence if the finder of

fact finds it more likely than not, based on the evidence, that the fact is true. *See, e.g.*, *In re Bell Petroleum Servs., Inc.,* 3 F.3d 889, 909-10 (5th Cir. 1993).

In Yishlam's response to Great Central's motion, Yishlam acknowledges that its properties generate substantially all of its income and that it does not conduct any business on the properties other than that incidental to ownership. (ECF No. 45 at 2-3). The Excelsior and the Colonial, although in close proximity, are on legally distinct, non-adjacent properties. Thus, the properties are not a "single property" under § 101(51B). Therefore, the question is whether the properties constitute a "single project."

In order for two or more separate properties to constitute a "single project" within the meaning of 11 U.S.C. § 101(51B), courts have generally determined that the multiple parcels of real estate must be purchased, developed, or sold pursuant to a "common plan or scheme," linked together by "common usage" or in pursuit of a "common purpose." *See In re McGreals*, 201 B.R. 736, 742 (Bankr. E.D. Pa. 1996); *see also In re JJMM Intern. Corp.*, 467 B.R. 275, 278 (Bankr. E.D.N.Y. Feb. 15, 2012). The mere fact of common ownership, or even a common border, will not suffice. *In re McGreals,* at 742-43.

In its motion, Great Central relies heavily on *In re Pioneer Austin East Dev. I, Ltd.*, 2010 WL 2671732 (Bankr. N.D. Tex. July 1, 2010). *Pioneer Austin* concerned separate tracts of land that were purchased and financed separately. The court determined that the debtor built the parcels in furtherance of building a "cohesive and interdependent subdivision." *In re Pioneer Austin*, at *2. The court found that the debtor's "cohesive and interdependent subdivision" indicated a unitary purpose. *Id.*

Many courts have held that multiple parcels of real property constitute a "single project" based on representations and filings made by the debtor to regulatory authorities. *See In re Rear*

*Still Hill Rd.*, LLC, 2007 WL 2935483 (Bankr. D. Conn. Oct. 5, 2007) (finding two parcels constituted a "single project" based on a unified application made by the debtor to the municipal planning and zoning board); *In re Webb MTN*, 2008 WL 656271 (Bankr. E.D. Tenn. Mar. 6, 2008) (finding two parcels constituted a "single project" based on a pre-petition concept plan submitted to the county regional planning commission in which debtor merged the individual parcels into a single parcel for the purposes of the project).

Other cases have found multiple parcels of real property to constitute a "single project" where the parcels were contiguous. *See In re Light Foot Group LLC*, 2011 WL 5509025, (Bankr. D. Md. Nov. 10, 2011) (finding that debtor that owned several contiguous parcels of property containing seventeen housing units of varying types was a single asset real estate entity); *In re Vargas Realty Enterprises Inc.*, 2009 WL 2929258 (Bankr. E.D.N.Y. July 23, 2009) (finding four related entities, all owned by one person, and each of which operated one residential apartment building on contiguous parcels, comprised a single project).

The Court heard no evidence that Yishlam ever intended for the properties to be a single project. Nor does Yishlam plan for the two properties to constitute a single project in the future. *See* ECF No. 45 at 2. Yishlam's properties include units in multiple complexes that are not part of a "cohesive and interdependent subdivision." In fact, the properties are separate, non-contiguous, and operated differently. The Excelsior is operated as a traditional condominium and is governed by a condominium declaration. The unit owners each have an undivided interest in the common areas, which are managed by an independent condominium association. The Colonial is operated as a traditional apartment complex. The unit owners are not members of a condominium association, and Yishlam manages both the common areas and the individual

units. The distinct management of the two properties weighs heavily against a finding of common scheme or purpose.

A SARE determination is necessarily contingent on the facts presented. *In re TTM,* at *2. Here, the facts and arguments weigh heavily on both sides. On one hand, it is significant that: (a) all of the units are pledged as collateral for Great Central's loan; (b) Yishlam has a single bank account for all of its operations; (c) Yishlam has one contract to provide internet, garbage pickup, and electricity to all units; and (d) Yishlam has one real estate management contract for all of the units.

On the other hand, the fact that the properties are non-contiguous, attract different clientele, were purchased and converted to condominiums at separate times and are organized and controlled differently suggest that this should not be designated as a single asset real estate case.. *Id.* at *2.

Because the factors are largely in equilibrium, Great Central has failed to demonstrate by a preponderance of the evidence that the two properties constitute a single project.

## Conclusion

Great Central's motion will be denied by a separate order consistent with this Memorandum Opinion.

SIGNED **July 25, 2013.**

_____
Marvin Isgur
**UNITED STATES BANKRUPTCY JUDGE**